UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
AUG 23 2012

******

| | | |
|---|---|---|
| FRANCISCO JAVIER GONZALEZ, | * | CIV 12-1015 |
| Petitioner, | * | |
| -vs- | * | ORDER |
| MARTY JACKLEY, Attorney General, | * | |
| Respondents. | * | |

******

Petitioner, now confined to the Brown County, South Dakota, jail, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to attack his May 3, 2012, state court conviction for aggravated domestic assault. He alleges ineffective assistance of counsel in 1) failing to preserve his right to a preliminary hearing, 2) advising him to enter an Alford plea, 3) failing to fight for his rights at the sentencing hearing, and, apparently, 4) failing to advise him that, after his plea and sentencing, his probation in another matter would be immediately revoked and he would likely go to prison anyway.

Petitioner is required to exhaust state court remedies prior to bringing federal habeas corpus claims. 28 U.S.C. § 2254(b). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). Petitioner states in his petition that he attempted to file an appeal. He denies having filed any state habeas petition.

Pursuant to 28 U.S.C. § 2254(b), the federal petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court habeas remedies.

Accordingly,

IT IS ORDERED:

1. The petition is dismissed without prejudice for failure to exhaust state court remedies.

2. The motion, Doc. 2, to proceed *in forma pauperis* is denied as moot.

Dated this 22nd day of August, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Daephe
DEPUTY
(SEAL)

2